UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Debbie Kuciver, individually and on behalf of all others similarly situated, | 1:21-cv-05964 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| KSF Acquisition Corporation, | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     KSF Acquisition Corporation ("defendant") manufactures, packages, labels, markets, and sells meal replacement foods such as shakes, bars, and snacks, promising "Clinically Proven – Lose Weight & Keep It Off,*" and "4hr Hunger Control," under the SlimFast brand ("Product").



2.      The back and side labels of the Product describe the SlimFast Plan as "Clinically Proven," consisting of:

1. ONE SENSIBLE MEAL – enjoy your favorite foods

2. REPLACE TWO MEALS A DAY – with shakes, smoothies or bars

3. ONE SENSIBLE MEAL – enjoy your favorite foods



3.      The above claims – and Satisfies hunger" "Energy for hours" "4-hour hunger control" and control blood sugar – appear on over fifty (50) SlimFast items.

4.      Weight loss appeals to the many Americans who are considered overweight.

5.      Consumers who view the Clinically Proven claims will expect the Product and Plan is proven to achieve the results indicated.

6.      Consumers will expect that (1) the Products on which the claim appears has been clinically proven to achieve and maintain weight loss and (2) the Products have been clinically proven to promote weight loss and keep it off when used as part of the SlimFast plan.

7.      A claim that something is "clinically proven" requires clinical studies.

8. Defendant's clinically proven claims are false, because it does not possess evidence to support them, such as randomized and relevant controlled studies.

9. The studies relied upon to support the clinically proven claim are from products introduced many years ago, which are no longer sold.

10. Defendant has not clinically tested the weight-loss efficacy of the Products.

11. Defendant's clinical trials are of discontinued SlimFast products, as part of a high carbohydrate diet with no resemblance to today's products, which are higher in fat, protein, and contain fewer carbohydrates.

12. Defendant's clinically proven claims are false because the products and plan upon which the claims are based have not been offered for many years.

13. Defendant's studies about the SlimFast plan being clinically proven are not even entirely relevant to weight loss.

14. For instance, one study of required only two snacks per day, and did not involve the participants exercising, nor adjust for higher calories consumed by men.

15. Another study failed to indicate whether any specific eating plan was required.

16. Another study involved subjects being advised to eat various servings of fruits and vegetables per day, in addition to meal replacements and meals.

17. No current SlimFast plan requires consumption of a set number of fruits and vegetables.

18. Other studies involve adherence to a low-calorie diet using SlimFast products to achieve a calorie deficit.

19. Studies relied upon for the "Keep It Off" part of the claim are not supportive of the clinically proven claims because they show that over 20% participants' weight was regained at the

end of one-year.

20.     Guidelines provided by the government indicate that longer term evidence of continued weight loss ad- vantage of meal replacement programs is lacking.

21.     Defendant's back label seeks to disclaim the unqualified front label claim.



22.     The text, "*When Used as Part of the SlimFast Plan," is small and difficult to read.



23.     The other claims – regarding hunger control, satiety, and blood sugar, are false and misleading.

24.     Defendant's hunger control claim is misleading because the studies relied upon had limited consumer relevance because the subjects were not given food during the test period, so

4

whether or not they could control their hunger was not actually evaluated.

25. Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of a Product, relative to itself and other comparable products or alternatives.

26. The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

27. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

28. Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

29. The Product is sold for a price premium compared to other similar products, no less than $12.79 for eight 11 oz bottles, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

<u>Jurisdiction and Venue</u>

30. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

31. The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

32. Plaintiff Debbie Kuciver is a citizen of Illinois.

33. Defendant KSF Acquisition Corporation is a Delaware corporation with a principal place of business in Palm Beach Gardens, Palm Beach County, Florida.

34. Defendant transacts business within this district by selling its Products to thousands of retailers in this district, and directly shipping the Products to persons in this district.

35. The parties are citizens of different states.

36. Venue is in this District because plaintiff resides in this district and the actions giving rise to the claims occurred within this district, Plaintiff's purchase of the Product and awareness of the issues described herein.

37. Venue is in the Eastern Division because Plaintiff resides in DuPage County.

<u>Parties</u>

38. Plaintiff Debbie Kuciver is a citizen of Wood Dale, DuPage County, Illinois.

39. Defendant KSF Acquisition Corporation is a Delaware corporation with a principal place of business in Palm Beach Gardens, Florida, Palm Beach County.

40. SlimFast is a pioneer in weight control, going back to its founding in the 1940s.

41. This long history has provided it cachet and caused consumers to instinctively trust the SlimFast brand.

42. The Product is sold at the thousands of locations including drug stores, grocery stores, big box stores, convenience stores, and online.

43. Plaintiff bought the Product, such as the SlimFast Original Rich Chocolate Royale Meal Replacement Shake, on one or more occasions within the statutes of limitations for each cause of action alleged, at stores including Jewel-Osco, 343 W Irving Park Rd, Wood Dale, IL 60191, during 2020 and/or 2021, among other times.

44. Plaintiff counts herself among the many Americans who would like to lose weight.

45. Plaintiff bought the Product because she expected the Product and SlimFast plan to be clinically proven to lose weight and keep it off, would control hunger and blood sugar.

46. Plaintiff bought the Product at or exceeding the above-referenced price.

47. Plaintiff relied on the representations identified here.

6

48.     Plaintiff would not have purchased the Product if she knew the representations were false and misleading.

49.     Plaintiff chose between Defendant's Product and other similar products which were represented similarly, but which did not misrepresent their attributes and/or lower-priced products which did not make the claims made by Defendant.

50.     The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

51.     Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with their abilities.

52.     Plaintiff has purchased fewer items that promise they are clinically proven since becoming aware of this issue but wants to resume purchasing such items because she cannot imagine that all such claims that a product is clinically proven are as false as those here, but then again, she would not have expected Defendant's claims to be false.

<u>Class Allegations</u>

53.     Plaintiff seeks certification under Fed. R. Civ. P. 23(b)(2) and (b)(3) of the following classes:

> **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged.
>
> **Consumer Fraud Multi-State Class**: All persons in the States of North Dakota, Kansas, Texas, Wyoming, and Delaware, who purchased the Product during the statutes of limitations for each cause of action alleged

54.     Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

55.     Plaintiff's claims and basis for relief are typical to other members because all were

7

subjected to the same unfair and deceptive representations and actions.

56.     Plaintiff is an adequate representative because her interests do not conflict with other

members.

57.     No individual inquiry is necessary since the focus is only on defendant's practices

and the class is definable and ascertainable.

58.     Individual actions would risk inconsistent results, be repetitive and are impractical

to justify, as the claims are modest relative to the scope of the harm.

59.     Plaintiff's counsel is competent and experienced in complex class action litigation

and intends to protect class members' interests adequately and fairly.

60.     Plaintiff seeks class-wide injunctive relief because the practices continue.

Illinois Consumer Fraud and Deceptive Business Practices Act
("ICFA"), 815 ILCS 505/1, et seq.

(Consumer Protection Statute)

61.     Plaintiff incorporates by reference all preceding paragraphs.

62.     The Illinois Consumer Fraud and Deceptive Business Practices Act provides

protection for consumers purchasing items like the Product, and states:

> Unfair methods of competition and unfair or deceptive acts or practices, including
> but not limited to the use or employment of any deception, fraud, false pretense,
> false promise, misrepresentation or the concealment, suppression, or omission of
> any material fact, with intent that others rely upon the concealment, suppression or
> omission of such material fact . . . are hereby declared unlawful

815 ILCS 505/2.

63.     Plaintiff and class members expected the Product and SlimFast plan to be clinically

proven to lose weight and keep it off, would control hunger and blood sugar.

64.     Defendant's false and deceptive representations and omissions are material in that

they are likely to influence consumer purchasing decisions.

65.    Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

66.    Plaintiff relied on the representations.

67.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Violation of State Consumer Fraud Acts

(On Behalf of the Consumer Fraud Multi-State Class)

68.    The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

69.    Defendant intended that plaintiff and each of the other members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

70.    As a result of defendant's use or employment of artifice, unfair or deceptive acts or business practices, plaintiff, and each of the other members of the Consumer Fraud Multi-State Class, have sustained damages in an amount to be proven at trial.

71.    In addition, defendant's conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

Breaches of Express Warranty,<br>Implied Warranty of Merchantability and<br>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, <em>et seq</em>.

72.    The Product was manufactured, labeled, and sold by defendant and expressly and impliedly warranted to plaintiff and class members that the Product and SlimFast plan was clinically proven to lose weight and keep it off, would control hunger and blood sugar

73.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

74.    This duty is based on Defendant's outsized role in the market for this type of Product, a trusted and leading brand in the area of weight control.

75.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers, and their employees.

76.    Defendant received notice and should have been aware of these issues due to complaints by regulators, third-party evaluators, competitors, and consumers, to its main offices.

77.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and was not clinically proven, and did not control hunger or blood sugar.

78.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

79.    Defendant had a duty to truthfully represent the Product, which it breached.

80.    This duty is based on defendant's position, holding itself out as having special knowledge and experience this area, as custodian of the SlimFast brand.

81.    Because weight loss is an area which many consumers are embarrassed about, they are vulnerable to trusting companies which make bold promises.

82.    Consumers are reluctant to talk with others about their weight control issues, which means the companies selling them solutions have a special obligation to treat them with care.

83.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in SlimFast, a globally recognized and trusted brand.

84.    Plaintiff and class members reasonably and justifiably relied on these negligent

misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

85.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

86.    Defendant misrepresented and/or omitted the attributes and capabilities of the Product.

87.    Defendant's fraudulent intent is evinced by its knowledge that the Product was not clinically proven.

<u>Unjust Enrichment</u>

88.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

  **WHEREFORE**, Plaintiff prays for judgment:

1.  Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4.  Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory

claims and interest pursuant to the common law and other statutory claims;

5.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:   November 6, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com